UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| LEMONT ROGERS a/k/a EAN SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | Civil Action No:  SA-04-CA-0118-XR |
| | ) | |
| OFFICER LANCE BONNETTE, Badge # 409, | ) | |
| and CITY OF CASTLE HILLS, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

On this date, the Court considered Defendant City of Castle Hills' Second Motion for Reconsideration (docket no. 83) and Plaintiff's Opposed Motion for Leave to File Second Amended Complaint (docket no. 86).  The motions involve the application of section 101.106 of the Texas Tort Claims Act after the Texas Supreme Court's decision in *Mission Consolidated School District v. Garcia*.  The Court concludes that Plaintiff's original complaint, which asserted state tort-law claims only against Defendant Lance Bonnette, constituted an irrevocable election that bars all state-law claims against his employer, the City, and his later joinder of and assertion of state tort-law claims against the City did not trigger the application of section 101.106(e).  Thus, the Court finds that Plaintiff's state-tort law claims against Bonnette should be allowed to proceed, and Defendant's Second Motion for Reconsideration, which seeks dismissal of those claims, should be denied.  Further, because Plaintiff's proposed Second Amended Complaint is consistent with the application of section 101.106, the Court grants leave to file the Second Amended Complaint.

1

## I. Facts and Procedural Background

In January 2004, proceeding *pro se*, Plaintiff Lemont Rogers a/k/a Ean Smith, filed suit against Defendant Lance Bonnette utilizing the Court's form complaint for actions under 42 U.S.C. § 1983. Plaintiff alleged that on October 12, 2002, while Plaintiff was sitting in his truck, Defendant Bonnette approached the driver's side of the truck, identified himself as an off-duty police officer, shot out the driver's side back-door window, and told Plaintiff to get out and put his hands in the air. Plaintiff alleged that he cooperated, but that Defendant Bonnette shot him in the back.

On February 4, 2005, the Court granted Plaintiff's request for appointment of counsel. Docket no. 34. On March 4, 2005, Plaintiff, now represented by counsel, filed an Unopposed Motion for Leave to Amend Complaint. Docket no. 40. The motion stated that it appeared that the City of Castle Hills should be joined as a party because Castle Hills was Bonnette's employer and, even though Bonnette was off duty at the time of the shooting, he had received training and supervision from the City in his duty as a police officer. The motion further stated that it appeared that Bonnette "was not properly trained with regard to his actions on October 12, 2002, and/or was following policies and procedures and/or customs and practices of the City of Castle Hills which resulted in a violation of the Constitutional rights of the Plaintiff." The motion for leave to amend was granted, and Plaintiff's First Amended Complaint was filed on March 11, 2005. The Amended Complaint contained the following claims: (1) violation of civil rights under § 1983 against Bonnette and the City; (2) "negligent infliction of emotional distress" against Bonnette and the City; (3) "negligence" against Bonnette and the City[1]; (4) "outrageous conduct" against Bonnette and the City;

---

[1] Based on the factual allegations, the Court has previously concluded that this cause of action actually alleged intentional conduct, *i.e.*, battery.

2

(5) "negligent supervision" against the City; and (6) "negligent training" against the City.  The City and Bonnette both answered and asserted various defenses under the Texas Tort Claims Act.

On April 28, 2005, the City filed a Motion to Dismiss pursuant to the Texas Tort Claims Act, Texas Civil Practice and Remedies Code section 101.106(a), which applies when a plaintiff files suit against a governmental entity and bars any suit or recovery against the entity's employee regarding the same subject matter, and section 101.106(e), which applies when a plaintiff files suit against both a governmental entity and any of its employees and requires dismissal of the employee(s).  The City asserted that because Plaintiff's Amended Complaint asserted state-tort claims against both the City and its employee, all state-law tort claims against Bonnette in his individual capacity should be dismissed.  Plaintiff responded that § 101.106(a) did not apply because state-law tort claims were brought against both the City and Bonnette, the employee, rather than just against the City.  Plaintiff asserted that § 101.106(e) mandated dismissal only of claims against an employee sued in his official capacity, and thus did not apply to the individual-capacity claims against Bonnette.  Plaintiff further argued that the election-of-remedies provision of the Tort Claims Act violates Texas's Open Courts provision.

On June 20, 2005, this Court issued an order denying the motion to dismiss because the election of remedies provisions relied upon by the City did not apply.  This Court noted that § 101.106(a) and (e) apply only to suits "under this chapter [i.e., under the Texas Tort Claims Act]," and concluded that because none of Plaintiff's claims were within the waiver of immunity of the Tort Claims Act, they were not "under this chapter."

On June 27, 2005, the City filed a Motion for Reconsideration, arguing that "any claim of negligence against a governmental entity can only be brought under the Texas Tort Claims Act" and

"[t]he fact that sovereign immunity has not been waived for Plaintiffs' allegations does not excuse the fact that Plaintiff pleads at his own peril." The City noted that authority construing the election provisions was "sparse" and that most cases on the issue were unpublished. The Texas Supreme Court had not construed section 101.106 since it was amended in 2003, and court of appeals decisions on its application varied.

This Court issued an Order on the Motion for Reconsideration on July 5, 2005. Therein, the Court noted that section 101.106(b) would apply because Plaintiff originally sued only Bonnette. Section 101.106(b) states, "The filing of a suit against any employee of a governmental unit constitutes an irrevocable election by the plaintiff and immediately and forever bars any suit or recovery by the plaintiff against the governmental unit regarding the same subject matter unless the governmental unit consents."[2] The Court noted that the City had not expressly consented to suit, but concluded that it had implicitly consented when it filed a motion to dismiss Bonnette under § 101.106(e). Thus, the Court concluded, the application of § 101.106(b) had been rendered moot.[3]

The Court then determined that § 101.106(e)'s application depended on whether Plaintiff's claims were brought "under this chapter," *i.e.*, under the Texas Tort Claims Act. The Court held that Plaintiff's intentional tort claims against Bonnette (battery and intentional infliction of emotional distress) survived dismissal because they were expressly excluded from the Act. The Court further concluded that Plaintiff's other state-tort claims against the City failed because there is no claim for negligent infliction of emotional distress under Texas law and there was no waiver of sovereign

---

[2] This section does not contain the limiting language "under this chapter."

[3] This Court also noted the possible applicability of § 101.106(f), but no party has asserted its application, and thus the Court does not address this issue.

4

immunity for the negligence claims.  The Court further noted that Plaintiff's negligent training and supervision claims could be cognizable under section 1983.

Plaintiff, who was incarcerated, was then transferred out of state.  On September 13, 2005, because Plaintiff was unavailable, the Court administratively closed the case pending Plaintiff's release.

On August 25, 2008, the Court granted Plaintiff's motion to re-open the case and appointed new counsel for Plaintiff.  The Court noted that the deadline for dispositive motions under the current scheduling order had passed, but permitted Defendants to file a motion for reconsideration of the motion to dismiss under the applicable provisions of the Texas Tort Claims Act in light of the Texas Supreme Court's decision in *Garcia v. Mission Consol. Indep. Sch. Dist.*, 253 S.W.3d 653, 659 (Tex. 2008).  In *Garcia*, the Texas Supreme Court construed the "under this chapter" language in Section 101.106, and held that all state-law tort claims are brought "under this chapter" for purposes of the Texas Tort Claims Act's election-of-remedies provision.  Defendant filed its motion for reconsideration, asserting that all tort claims against Defendant Bonnette should be dismissed under § 101.106(e).  Plaintiff has filed a response, arguing that Plaintiff filed his Amended Complaint at a time when there "was a significant lack of clarity in the law concerning the scope of the Texas Tort Claims Act" and the statute "could be reasonably read to apply only to causes of action arising under the Texas Tort Claims Act."  Thus, Plaintiff asserts that "Castle Hills seeks to take advantage of what effectively amounts to a pleading trap at a time when there was considerable uncertainty in the law."  Plaintiff asserts that it was necessary to join Castle Hills as a defendant for certain § 1983 claims, and seeks leave to file a Second Amended Complaint that removes all state-tort claims against the City and clearly separates the claims asserted under federal law from those

5

asserted under state law.  Castle Hills opposes this motion, arguing that it would be an "end run"

around section 101.106(e).

## II. Analysis

As amended in 2003, section 101.106 provides:

(a) The filing of a suit under this chapter against a governmental unit constitutes an irrevocable election by the plaintiff and immediately and forever bars any suit or recovery by the plaintiff against any individual employee of the governmental unit regarding the same subject matter.

(b) The filing of a suit against any employee of a governmental unit constitutes an irrevocable election by the plaintiff and immediately and forever bars any suit or recovery by the plaintiff against the governmental unit regarding the same subject matter unless the governmental unit consents.

(c) The settlement of a claim arising under this chapter shall immediately and forever bar the claimant from any suit against or recovery from any employee of the same governmental unit regarding the same subject matter.

(d) A judgment against an employee of a governmental unit shall immediately and forever bar the party obtaining the judgment from any suit against or recovery from the governmental unit.

(e) If a suit is filed under this chapter against both a governmental unit and any of its employees, the employees shall immediately be dismissed on the filing of a motion by the governmental unit.

(f) If a suit is filed against an employee of a governmental unit based on conduct within the general scope of that employee's employment and if it could have been brought under this chapter against the governmental unit, the suit is considered to be against the employee in the employee's official capacity only. On the employee's motion, the suit against the employee shall be dismissed unless the plaintiff files amended pleadings dismissing the employee and naming the governmental unit as defendant on or before the 30th day after the date the motion is filed.

Both at the time Plaintiff filed suit and at the time he amended his Complaint, there was significant uncertainty regarding the construction and application of the various provisions of § 101.106. Even the City acknowledged the lack of authority in its first Motion for Reconsideration filed in June 2005. The Court finds persuasive Plaintiff's argument that he could not knowingly make an election of remedies when the application and effects of section 101.106 were so uncertain. The Court need not reach this argument, however, because the relief Plaintiff seeks in the proposed Second Amended Complaint is consistent with the application of section 101.106 and the Texas Supreme Court's decision in *Garcia*.

In its order on Defendant's first motion for reconsideration, this Court held that while § 101.106(b) would have been the obviously applicable provision, its application had been mooted by the City's implied consent to suit. The Court then followed the Court of Appeals' decision in *Mission Consolidated Independent School District v. Garcia*, 155 S.W.3d 902 (Tex. App.–Corpus Christi 2005), which held that the election-of-remedies provision in § 101.106(e) was triggered only by claims within the Tort Claims Act's waiver of immunity, and thus did not apply to Plaintiff's claims. In March 2008, the Texas Supreme Court reversed the court of appeals' judgment in *Garcia* and clarified the application of section 101.106.

In *Garcia*, the Texas Supreme Court noted that the 2003 amendments to section 101.106 of the Tort Claims Act were intended "to force a plaintiff to decide at the outset whether an employee acted independently and is thus solely liable, or acted within the general scope of his or her employment such that the governmental unit is vicariously liable, thereby reducing the resources that the government and its employees must use in defending redundant litigation and alternative theories of recovery." *Garcia*, 253 S.W.3d at 657. The Court further stated that, "by forcing plaintiffs to

7

make an irrevocable election at the time suit is filed, the Legislature intended to reduce the delay and expense associated with allowing plaintiffs to plead alternatively ....” *Id.*  Thus, “[b]ecause the decision regarding whom to sue has irrevocable consequences, a plaintiff must proceed cautiously before filing suit and carefully consider whether to seek relief from the governmental unit or from the employee individually.” *Id.*  The Court then construed “under this chapter” to include “all tort theories alleged against a governmental unit” such that MCISD could move to dismiss all tort claims against its employees under 101.106(e).[4]

MCISD also argued that section 101.106(b) operated to bar the entire suit against it because its employee was sued, and 101.106(b) provides that the filing of “a suit” against an employee bars any suit against the governmental unit regarding the same subject matter. The Texas Supreme Court held that section 101.106(b) was broader than the other subsections in 101.106 because it was not limited by the term “under this chapter.”  It also noted that suit was permitted against the governmental unit if “the governmental unit consents,” but stated that it is the Legislature’s sole province to waive sovereign immunity.

---

[4] The Court noted that “[u]nder subsection (e), [the employee] would be entitled to dismissal of Garcia’s suit against him upon the ISD’s filing of a motion” but neither the ISD or the employee had sought his dismissal.  *Id.* at 659.   The Court continued, “But if the ISD had obtained [the employee’s] dismissal from the suit under subsection (e), all of [the plaintiff’s] tort claims against the ISD would be barred because, as we have said, all tort theories of recovery alleged against a governmental unit are presumed to be ‘under the [Tort Claims Act].’”  *Id.*  The Court cited section 101.106(e), which requires dismissal only of the employee, in support of that statement, but did not expressly state under what provision all of the tort claims *against the ISD* would be barred.  Thus, the basis for its conclusion that all of the plaintiff’s tort claims against the ISD would be barred is unclear.  This Court presumes that the Texas Supreme Court meant that the claims against the ISD would be barred by governmental immunity since such immunity is waived for claims against a school district only for tort claims involving the use or operation of motor vehicles. However, the Court’s failure to cite a statutory provision for this statement and its use of the term “bar” could indicate that the Court felt that section 101.106(b) might apply, since it provides that the filing of a suit against any employee “bars” any suit against the governmental entity.  Such a result would be a significant pleading trap, given that a plaintiff who sued both a governmental entity and its employee would then be left with no claims against either.

**Defendant City of Castle Hills' Second Motion for Reconsideration**

The City moves to dismiss all state-law claims against Defendant Bonnette under § 101.106(e). The Texas Supreme Court's decision in *Garcia* has several implications for this case. In the Order denying the City's first motion for reconsideration, the Court noted that section 101.106(b) and (f), which apply when a plaintiff sues only a governmental unit's employee, had obvious potential application, given that Plaintiff originally sued only Bonnette. The Texas Supreme Court's decision in *Garcia*, which emphasizes that the Plaintiff makes an irrevocable election under § 101.106 at the time he files suit, confirms the applicability of 101.106(b) to this case.

The Texas Supreme Court repeatedly emphasized that a plaintiff makes an irrevocable election under 101.106 "at the time suit is filed." Thus, the relevant election in this case was made when Plaintiff filed his original complaint – he filed a suit against an employee of a governmental unit, triggering section 101.106(b). Under 101.106(b), Plaintiff's filing of a suit against Bonnette constituted "an irrevocable election" and "immediately and forever bars any suit or recovery by the plaintiff against the governmental unit regarding the same subject matter ...." Thus, under § 101.106(b), all tort claims against the City would properly be dismissed upon motion by the City. Further, when suit was originally filed, it was solely against Bonnette, and thus only the election in § 101.106(b) (and possibly § 101.106(f)) could apply because, as the Texas Supreme Court also emphasized, the election was irrevocable. Plaintiff's later addition of tort claims against the City would not constitute a new election that would trigger section 101.106(a) or (e), since Plaintiff had already made his irrevocable election. Since suit was not filed against Bonnette and the City, section 101.106(e) does not apply, and does not mandate dismissal of all tort claims against Bonnette.

Thus, Plaintiff's joinder of tort claims against the City was barred by § 101.106(b), unless the City consents to such suit. Though the Court originally concluded that the City did implicitly consent, *Garcia* requires the Court to reconsider that conclusion. In *Garcia*, the Texas Supreme Court indicated that the City by itself cannot consent to suit, since only the Legislature may waive immunity. Accordingly, in light of *Garcia*, the Court must now conclude that the City did not (and, in fact, could not) consent to suit by moving to dismiss Bonnette. Thus, all state-law claims against the City are barred, but the state tort-law claims against Bonnette are not.

**Plaintiff's Motion for Leave to Amend**

Plaintiff has filed an Opposed Motion for Leave to File Second Amended Complaint (docket no. 86). Plaintiff's proposed Second Amended Complaint asserts claims under § 1983 against Defendant Bonnette and the City, and state tort claims for battery and intentional infliction of emotional distress against Defendant Bonnette. The proposed Amended Complaint asserts no state law claims against the City, and thus is consistent with § 101.106(b). Defendants oppose the motion to amend based on the reasons asserted in their second motion for reconsideration; namely, that the tort claims against Bonnette should be dismissed under § 101.106(e). However, because the Court has concluded that § 101.106(b) applies, and § 101.106(e) does not, and the proposed Amended Complaint is consistent with that conclusion, the Court grants the motion for leave to amend.

**Conclusion**

Defendant City of Castle Hills' Second Motion for Reconsideration (docket no. 83) is DENIED.

Plaintiff's Opposed Motion for Leave to File Second Amended Complaint (docket no.86)

is GRANTED, and Plaintiff shall traditionally file the Complaint within seven days of this Order.

Further, counsel shall confer and submit a list of preferred trial dates.  *See* docket no. 79, ¶ 7.

It is so ORDERED.

SIGNED this 20th day of October, 2008.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE